This must be the day they picked for Alaska Day because I think we have three Alaska cases on the calendar this morning. I'd like to reserve three minutes for rebuttal. Could you speak up a little, please? Yes, I'm sorry. Allison Mendel for the defendant, Gregory Rendon-Duarte. There are two issues before the Court on this appeal. The first one is the evidence rule question about the admittance of evidence on prior gun possession in his trial for being a felon in possession. Although both sides cite a number of cases on this issue, when you come right down to making the decision, it's a factual issue which depends on the specific facts of the prior cases and the facts of this case. None of the precedents from this circuit or anywhere else give an automatic answer to the question of whether this is proper or improper. I submit that in this case, it was clearly improper because the necessary factual nexus between what Mr. Rendon-Duarte was being tried for and the evidence of prior bad acts is simply not there. The first incident was the March 2001 incident in which he was stopped for a traffic violation and found to have a gun on the floor of his car. The significant factor about that incident is that at the time, it wasn't illegal and he wasn't charged with anything. He was not a felon at the time. There was nothing illegal about him having the gun, and he wasn't charged with anything. So nothing was ever proved with respect to that offense in any prior proceeding. The second prior bad act is even more tangential with relationship to what he was actually charged with in this case, and that is that guns were found in the car in which he was a passenger in a place where they were not visible to him. And because he was never charged with that either, his knowing possession or even knowing that those guns were present was never proved in this proceeding or in any other. What's his defense here? That the thing that the officer observed was not a gun and that the guns that were in the car were not his and he didn't know they were there. He was a passenger in the car in which he was riding the car. The guns were concealed under the carpet or under the floorboards, and they were not visible to the passengers, and he said he didn't know they were there. He wasn't possessing them. So why isn't the evidence of two prior incidents in which guns were found in the car in which he was riding the front seat within reach of his seat, why isn't that doesn't that raise an inference that he knew the guns were in the car because of his modus operandi? Well, modus operandi is kind of a loaded term in that instance because of the word. Well, first of all, the first one was not a crime. He simply --- No, it doesn't need to be a crime. But it doesn't show, for example, if you look at some of the other cases that were cited both by us and by the government, some prior bad acts with respect to gun are admitted because the defendant knew that it was illegal to possess guns and did it anyway and had a knowledge that that was against the law and so on and so forth. There was nothing illegal about him having a gun in the car, so it doesn't go to establish his intention to have illegal guns or his intention to ride around in cars with illegal guns because there was nothing illegal about having him have the gun in the car in the first place. Is there something about the second incident where the guns were concealed in the sunroof that suggests that he's in the habit of having guns that are concealed or hidden? Well, that's the best that you can make of it, I think. But because it was someone else's car and allegedly someone else's gun and they weren't visible to him at the time, and because there was no prior proceeding in which anyone tried to prove that he knew the guns were there, and that certainly wasn't proved in this case that he knew those prior guns were there, I think you missed the one factual tie that could tie that to this offense. Really, the problem with these prior offenses is what we have is it is exactly what is not allowed in prior bad acts. It shows he tends to hang out with the wrong kind of people who have guns in their cars, which does not show his modus operandi, his knowing possession of the guns, or any other permissible fact that leads to his conviction in this proceeding. Now, is there evidence in this case that the reason that they got a warrant and stopped the car was that they'd seen him buy a gun or fire a gun? That was the evidence, yes, that the officer observed him buying a gun. What the officer said was observed him buying a gun. The defendant's position was it wasn't a gun and he didn't buy it. So I suppose we have to maybe look at if we decided that those others shouldn't have come in, we then have to look at harmless error, I suppose. Yes. And the government argues that the error was harmless because the evidence was, quote, unquote, overwhelming. I think that that interpretation is argued against, in the first instance, by the lengths at which the government went to admit this information. The government argued quite strenuously and went to quite a bit of trouble to present the evidence of prior bad acts, which tends to indicate that they didn't think the evidence was overwhelming the first time around. And certainly, the inference that you want the jury to draw is that this guy isn't accidentally around guns because he's always around guns, and we know he's always around guns. And that is just too tangential for the factual nexus that you need to make the evidence admissible. I'd like to ask you about the sentencing issue. Yes. Assuming that the – there was an error because we didn't have the specific Alaska statute. Yes. The question I have is whether you need to establish some prejudice because, in fact, given the statement in the PSR, I guess it was pointing the gun at the security guards, would, it seems under the Alaska statutes, qualify as a crime of violence. Would you end up back in the same place? What's the prejudice? Well, Your Honor, first of all, we have no idea about that because there is no admissible evidence before the Court about what exactly was involved in the prior conviction. So his failure to contest that in the PSR doesn't have any legal effect in your view? Well, it – clearly, the Court is faced with a plain error standard, but this Court has at least twice held that in a very similar situation, it was plain error because in effect, it doubled the range of Mr. Ren and Duarte's sentence, which is a significant prejudice to him. I really – the only reason we even know what the statute is is because I supplied it, and I guess we're assuming that I'm right about that, but there's nothing in the record that establishes what the statute is under which he was convicted. And there's certain – What we would do if we decided that convictions stood and that this was inappropriate sentencing, we would remain on an open record. That's what we'd do. Yes. And the question, the government says, well, we've got the evidence and we can bring in the proper documents. Is that proper for us to consider at this point? That they could redo it and reach the same result? I think it's completely improper because what happened here is that the government appears to me, knowingly, considering how many years the Taylor categorical approach has been the law, simply didn't provide the district court with anything on which it could base a proper enhancement for crime and violence. And given that it did double his sentence, the possibility that it might be repeated the same way the second time is really remote and tangential and doesn't cure what is clearly a constitutional violation in enhancing the sentence. Well, there's been a memorandum disposition since this case was submitted saying that that statute is a categorical crime of violence. I don't know what we make of that. Well, I have a lot of trouble with that since it doesn't seem to accord with the court's published opinions because it only requires recklessness and it requires not a substantial risk of injury, but simply fear on the part of the victim of a risk of injury, which in my experience includes all kinds of domestic violence offenses where you do things like shoot guns into the air and, you know, things that are intended to scare people but don't actually carry a substantial risk of injury. I find it very difficult to conclude that it would be found to be categorically a crime of violence. So I guess the question we would have is, since we don't exactly have the statute, we don't have the evidence, if we send it back, it's up to the district judge to figure out the scope, the record, correct? Yes. And the statute and where it falls? Yes. And, you know, frankly, it can't get any worse for my client with respect to that. So it could only, in terms of the crime of violence enhancement. So I don't see that the – there's no reason not to remand it because the record is so completely inadequate, and assuming just for the sake of argument that the same thing could happen again is not enough to cure the defect. All right. Let's hear from the government on this. Would you mind starting backwards and starting on the sentencing issue? So the question is, if we don't have a typical record with the exact statute and evidence, why wouldn't we just remand it and have the district judge go through the appropriate steps? Well, there are two reasons. First, we do have the exact statute at page 2, I believe, of the defendant's briefing. But it wasn't in the record before the district court. Well, it was, Your Honor, and I'll get to that. The defendant conceded the statute of conviction in her briefing to this Court. Furthermore, the statute was described in the pre-sentence report as being assault in the third degree under Alaska statute. To suggest that that doesn't tell you what the offense of conviction was would be like saying that someone who was convicted of a Hobbs Act violation doesn't tell you what the statute was. It's those words set out what the statute of conviction was in Alaska. We know what it was. And furthermore, we don't need any factual development because that statute is on its face a prime facie crime of violence categorically. We don't need to look to the underlying facts of Mr. Rendon Duarte's previous conviction. If we were to be uncertain about that, would you agree that if this is not a categorical statute, then it would have to go back? The district court did not engage in the modified categorical analysis. So if this is not a categorical crime of violence, then, yes, it would have to go back. And you're saying that as a matter of law, it's – it is a categorical. I take that back. It would not have to go back because this does not amount to plain error, because the defendant has not demonstrated on the record any reasonable probability that there would be a change in the result. This Court's decision in Pimentel-Flores did remand for resentencing, but the Court said it's close, whether the defendant has shown any chance that there would be a change here. But because the defendant had made a plausible proffer that one of his convictions may have been only a misdemeanor rather than a felony, the Court said that the record wasn't clear, so it would remand. In this case, there has been no suggestion that the facts of which the defendant was convicted don't amount to a crime of violence, and no suggestion that there would be any difficulty in demonstrating that. Well, we don't know. You would be bound by Shepard as to what documents you present. That's correct. That's correct. And that's something that we have no knowledge of at this point and shouldn't have any knowledge of. So it's – if, in fact, it's not a categorical crime of violence, the statute, then I think that you would have to set it back. Well, I would suggest that it's the defendant's burden to demonstrate to this Court that it should exercise its discretion to recognize plain error. And before the defendant has met that burden, the defendant has to show some reasonable possibility that there might be a change in the record. If the defendant came forward and showed – submitted the Shepard documents that might be available to the Court and showed that there would be no way of demonstrating that it was a crime of violence, then perhaps there would have to be a remand. But what if there is the burden, isn't it the government's burden to show that it's a – Not when it's plain error. To meet the plain-error test, the defendant did not object at sentencing to the finding that this was a crime of violence. So the burden is on the defendant to make that showing. To shift back to the initial issue, I would like to return to a point that was made by the Court. I hesitate to lead with harmless error, but the Court did observe earlier that the A police officer who happened to have the good fortune to be parked in a surveillance vehicle right in front of where the transaction took place watched the defendant buy a gun, stick it into his waistband, and return to his car. His – his possession of that weapon was, I would submit, proved beyond any conceivable doubt, much – much less reasonable doubt. What did they do? They then got a warrant and stopped the car what happened here later? No, they stopped the car within minutes. The defendant drove away. The surveilling officer notified the other officers in the vicinity. He was immediately stopped, and the car was searched incident to his arrest. He was stopped before the purchase of the weapon. In the meantime, he got the warrant. The officer got the warrant before they stopped the car. They stopped the car. They detained him and obtained – and then obtained a warrant to search the car. The defense counsel articulated the very reason why the defendant's other incidents of gun ownership were relevant in this case. She articulated his defense that guns were not his and that he didn't know they were there. Those – those put into – directly into issue the very reasons why prior similar incidences may be admitted. And I cited to you, I believe, six different circuits, including this circuit, that have held that previous incidents of gun ownership in a case where intent and knowledge have been placed in issue are admissible. And I don't need to go through the facts of those. I think that they're set out in my brief, unless the Court has other questions. In those cases, was the possession a crime in the prior incident? It doesn't matter. In some – in some – I understand. I don't believe that in all the cases there were, although I can't directly quote you in the facts of the cases where – they weren't always proved up as prior crimes. I know that that's the case, that the evidence offered that was approved as being properly admitted were not necessarily proved as having been prior crimes. In fact, some – in some cases, the district court, as he did here, declined to permit the government to include the – beyond the evidence of his prior possession of guns to prove that he'd actually been charged and convicted for that possession. Thank you. Kagan. You've used up your time, but I'll give you a minute for rebuttal if you need that. Or we used up your time, I guess, would be more accurate. Well, on the sentencing issue, I would just say very briefly, obviously, I can't produce evidence on appeal. That wouldn't be a proper undertaking. So putting any burden of production on the defendant in the appeal is clearly not the correct test. On the gun issue, I think it makes a great deal of difference whether the gun ownership was illegal. This is Alaska, where everybody has guns in their cars, and there's – there's nothing about that that tends to prove that every one of those people tends to commit crimes. So I think it's extremely important, whether it was illegal and whether he had no in possession of the prior weapons, I think it's – the facts are completely different than the other gun cases in this Court, as before, to consider, where defendants were shown to try to purchase a weapon, to have the same weapon in his position in a prior circumstance, or that guns that – the shotgun in the backseat that he had, that the same circumstance had occurred before, where it was clearly he could not have not known that the gun was there. Thank you. Thank you. The case just argued is submitted. Thank both counsel for their arguments in United States v. Rendon Duarte.
judges: B. Fletcher, McKeown, Schwarzer